BARWIN REALTY COMPANY, Appellant, *v.* THE UNION STOVE WORKS, Respondent.

*Barwin Realty Co.* v. *Union Stove Works*, 146 App. Div. 319, affirmed.

(Argued December 10, 1913; decided December 30, 1913.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 27, 1911, which reversed an order of the Kings County Court striking out as frivolous the answer of defendant in an action to foreclose a mortgage on real property.

The following question was certified: "Whether the mortgage in suit covers the stoves and ranges installed on the premises after the mortgage was made, it being understood that they were installed for the permanent equipment of the house, and the only means of cooking and heating therein; that they were sold to the then owner of the property after the mortgage was made and recorded, under a conditional bill of sale, providing that the title should not pass until fully paid for, and that such conditional bill of sale was duly filed according to law before the delivery of such stoves and ranges to the premises, but that the mortgagee was not a party thereto, or to any agreement with reference to such

stoves and ranges, and that the mortgage was made and recorded just prior to the completion of the building."

*Henry A. Ingraham* for appellant.

*Frederick H. Van Houten, Clarence L. Apfel* and *Miles Rosenbluth* for respondent.

Order affirmed, with costs, and question certified answered in the negative; no opinion.

Concur: WERNER, HISCOCK, CHASE, COLLIN, CUDDE-BACK and HOGAN, JJ.; CULLEN, Ch. J., votes to dismiss the appeal on the ground that it is impossible for a court to decide whether a range is or is not a fixture in the absence of any statement in the record showing the nature of the range or how it was attached to the realty.